# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH, | CASE NO. 1:12-cv-00635-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER, DENY MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO SECTION 1915(g), AND TO DISMISS ACTION AS DUPLICATIVE |
| v. | |
| JOHNSON, et al., | |
| Defendants. | Docs. 1, 2, 3 |
| / | OBJECTIONS DUE WITHIN 14 DAYS |

### Findings and Recommendations

### I. Procedural History

On April 23, 2012, Plaintiff Isabel Tubach ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. Plaintiff also filed a motion to proceed in forma pauperis and a motion for temporary restraining order. Docs. 2, 3.

### II. Three Strikes

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff has filed over 150 actions and at least three actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice of the following cases which counts as strikes: 1) *Tubach v. Gomez*, 1:97-cv-05549-OWW-DLB (dismissed as frivolous on October 17, 1997); 2) *Tubach v. Farmon*, 1:96-cv-05551-REC-SMS (dismissed as frivolous on February 24, 1998); and 3) *Tubach v. Rilly*, 1:98-cv-05603-REC-HGB (dismissed as frivolous on March 12, 1999).

Plaintiff has three or more strikes which occurred before Plaintiff filed this action on April 23, 2012. Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis and dismissal of Plaintiff's action is appropriate. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding that denial of in forma pauperis status under § 1915(g) mandated dismissal since a prisoner must pay the filing fee at the time of initiating the suit).

Plaintiff alleges imminent danger because Defendant Guzman is orchestrating poisonings up her nose, which will cause a heart attack. Plaintiff also states Guzman is orchestrating orgies and failing to treat Plaintiff's tongue cancer. However, that claim has been filed multiple times and is barred as duplicative.

### III. Duplicative Claims

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997);

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

*Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative. *See, e.g.*, *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 688, 692-94 (9th Cir. 2007).

The Court has already addressed the claims in Plaintiff's complaint, and Plaintiff has a pending case regarding the same allegations. *See Tubach v. Brown*, No. 1:11-cv-01476-LJO-MJS, 2011 WL 4709886 (E.D. Cal. Oct. 4, 2011) (dismissing Plaintiff's complaint alleging Jerry Brown and M. Guzman were involved in an alleged conspiracy to murder Plaintiff); *Tubach v. Brown*, No. 1:11-cv-02028-AWI-GBC (dismissing Plaintiff's complaint alleging Guzman's conspiracy to murder by poison in her nose; a denial of ice chips to alleviate the pain from the cancer in her tongue; and orgies); *Tubach v. Guzman*, No. 1:10-cv-00913-AWI-SKO (case pending for allegations that Defendant Guzman incites her cell-mates to poison Plaintiff and to provoke her to have a heart attack; stops Defendant Dr. Ezenwngo from treating her oral cancer; and stops and denies her an "ice-chrono" which he is aware is the only relief for the burning caused by Plaintiff's oral cancer.) Therefore, this action should be dismissed as duplicative.

### IV. Motion for Preliminary Injunction

On April 23, 2012, Plaintiff filed a motion for temporary restraining order. The Court construes this as a motion for a preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v.*

*Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969. The undersigned recommends that the Court deny in forma pauperis and dismiss this action as duplicative. Therefore, the Court lacks jurisdiction over prison officials not parties to a civil action.

### V. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED:

1. Plaintiff's motion for temporary restraining order, is DENIED;
2. Plaintiff's motion to proceed in forma pauperis is DENIED, pursuant to 28 U.S.C. § 1915(g);
3. This action is DISMISSED, as duplicative;
4. All pending motions are MOOT for review; and
5. The Clerk of the Court is directed to close the case.

//
//
//
//

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 18, 2012

UNITED STATES MAGISTRATE JUDGE