# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>            Plaintiff,<br><br>     v.<br><br>MS. JOHNSON, et al.,<br><br>            Defendants. | Case No.  1:12-cv-00635-SMS (PC)<br><br>**ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE**<br><br>**(Doc. 13)** |

Plaintiff Isabel Tubach ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint in this action on April 23, 2012.  Doc. 1.  In the Complaint, Plaintiff appears to allege that she is being sexually abused and harassed in violation of the Eighth Amendment, though she does not identify any specific constitutional right that she feels was violated.  In addition, Plaintiff failed to state the dates of the occurrences of which she complains and merely stated many conclusions rather than detailed factual allegations.

///

///

1

On June 3, 2013, the Court ordered Plaintiff to submit within thirty (30) days a more definite statement of facts to enable the Court to screen the Complaint in compliance with 28 U.S.C. § 1915A.  Doc. 12.  The order indicated that Plaintiff's failure to comply as directed could result in the dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure.

On September 6, 2013, after more than thirty days passed without any action by Plaintiff, the Court ordered her to show cause within fifteen days why it should not dismiss the action. Doc. 13.  The order warned Plaintiff that this action would be dismissed if she failed to respond. The fifteen-day deadline has expired, and Plaintiff has not responded in any way.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).  These factors are not conditions that must be met in order for a court to take action but rather guide a court in deciding what to do.  *Id.*

Based on Plaintiff's failure to comply with or otherwise respond to the above orders, the Court is left with no alternative but to dismiss the action for failure to prosecute.  *Id.*  This action cannot proceed without Plaintiff's cooperation and compliance with the orders at issue.  An action cannot simply remain idle and unprosecuted on the Court's docket.  *Id.*

///

///

Accordingly, this action is hereby DISMISSED, without prejudice, for failure to prosecute.

IT IS SO ORDERED.

Dated:   **October 1, 2013**                          **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE